## Tidioute and Tiona Oil Co. *v.* Shear, Appellant.

*Judgment—-Opening judgment—Fraud—Oath against oath.*

On an application to open a judgment, defendant averred that he had given the note upon which judgment had been entered in payment for an oil property, and that he had been induced to purchase the oil property by false and fraudulent representations of the plaintiff as to the daily natural production of the wells.  Plaintiff filed a sworn answer to the petition, denying any fraud or misrepresentation in the sale.  There was no direct corroborative testimony in support of defendant's statement.  Two letters were produced by him, which appeared to indicate some unsettled question between the parties in reference to the sale, but did not indicate what that question was.  *Held,* that a rule to open a judgment was properly discharged.

Argued April 30, 1894.  Appeal, No. 22, Jan. T., 1894, by defendant, David Shear, from order of C. P. Warren Co., June T., 1891, No. 128, discharging a rule to open judgment, by David Berry, W. W. Hague, the Grandins et al., trading as Tidioute and Tiona Oil Co., plaintiffs.  Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.  Affirmed.

Rule to open judgment.  Before NOYES, P. J.

The material averments of the petition and answer appear by the opinion of the Supreme Court.

There was no direct corroborative testimony in support of defendant's averments of fraud, alleged to have been made by David Berry, one of the plaintiffs.

Defendant claimed that the following letters, written by David Berry to defendant, referred to the question between the parties as to the capacity of the wells, and tended to corroborate defendant's testimony:

The first, dated June 9, 1892, was as follows:

" Your letter written some time since was received.  I was away from home when it came here and so did not get it as soon as I would had I been here.  I will say in reply that I have not been able to meet the Messrs. Grandin so as to talk with them in regard to the matter contained in your letter.  On account of their absence from Tidioute and the uncertainty of meeting them the matter will have to be referred to Mr. Hague.

He no doubt may have some information from them on the subject. I have none and so am unable to give anything definite. I have not been able to go to Tidioute as I expected. You better call on Mr. Hague at Tidioute. He no doubt will be able to arrange matters."

The second, dated June 22, 1892, was as follows :

" Your letter of the 12th received. I was not at home last week and so could not reply. It will be impossible for me to go to Tidioute this month. I have written Mr. Hague to this effect. He and Mr. Grandin have no doubt discussed your matter and when you see Mr. Hague he will be able to tell you all about the matter."

The court, after reviewing the facts, discharged the rule to open the judgment, in the following opinion, by NOYES, P. J.:

" [The evidence in support of the defendant's averment consists of his own uncorroborated oath.] [2] This is an equitable proceeding and the rule that relief will not be afforded upon the oath of the party against the positive and sworn denial of his opponent applies with full force. We are unable, therefore, to grant the prayer of the petition."

*Errors assigned* were (1) holding as in brackets; (2, 3) discharging rule and not opening judgment.

*D. I. Ball, W. M. Lindsey* with him, for appellant, cited: Ettinger v. Jones, 139 Pa. 223 ; Smalley v. Morris, 157 Pa. 349; Act of April 4, 1877, P. L. 53; Knarr's Ap., 19 W. N. 533 ; Jenkintown Bank's Ap., 124 Pa. 344; Stockwell v. Webster, 160 Pa. 473.

*Wm. D. Brown,* for appellees, not heard, cited: English's Ap., 119 Pa. 533; Jenkintown Bank's Ap., 124 Pa. 337 ; Kelber v. Plow Co., 146 Pa. 485; Earley's Ap., 90 Pa. 321.

PER CURIAM, May 14, 1894:

This appeal is from the decree discharging rule to show cause why the confessed judgment should not be opened and defendant let into a defence. The ground on which the equitable interposition of the court was invoked is that defendant was induced to purchase the gas and oil producing property in

question by false and fraudulent representations, to the effect that the daily natural production of oil therefrom was one hundred barrels; that none of the fourteen wells had been shot with torpedoes containing more than from one to five quarts of nitroglycerin; and that said representations were false in that every one of the wells had been shot with a much larger quantity of nitroglycerin and thus their production, at the time of defendant's purchase, was not natural but forced by the use of torpedoes of more than ordinary power.

Defendant's averments of fraud, etc., were traversed and denied by the plaintiff company's answer, wherein it is averred, inter alia, that defendant was fully informed of the manner and extent to which said wells had been shot or torpedoed, and well knew that the production was not a natural one, and that neither by word nor act was defendant defrauded in the sale of said property to him. The burden of overcoming the responsive answer to the allegations of fraud, etc., on which his petition is grounded, was thus cast on defendant. In the judgment of the court below he was unable to do so, and hence the decree discharging the rule. An examination of the testimony has satisfied us that there was no error in that conclusion. Neither of the specifications of error is sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellant.